# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DOUGLAS M. YANKO,**

           **Petitioner,**

           **v.**                      **Case No. 17-CV-1011**

**STATE OF WISCONSIN,**

           **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner Douglas Yanko, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed petition for a writ of habeas corpus. (ECF No. 1.) Yanko's petition was assigned to this court and he consented to the full jurisdiction of a magistrate judge. (ECF No. 3) Therefore, the court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

According to his petition, Yanko was convicted on April 30, 2013, in Ozaukee County of Repeated Sexual Assault of Same Child. He alleges ineffective assistance of

trial counsel, error in the trial court's exercise of sentencing discretion, prosecutorial misconduct, denial of due process rights, and denial of a fair and impartial jury. (ECF No. 1.) According to the records of the Wisconsin Court of Appeals and the Wisconsin Supreme Court, accessible at https://wscca.wicourts.gov, it appears that Yanko's appeal to the Wisconsin Supreme Court is still pending. *See* Wis. Appeal No. 2015AP002296. The petition for review was filed on June 16, 2017, and received by the Wisconsin Supreme Court, but no decision has been rendered.

Before turning to a federal court for relief by way of petition for a writ of habeas corpus under 28 U.S.C. § 2254, a person convicted in state court must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A), (C). Exhaustion of state remedies is a threshold requirement before a federal habeas court considers the merits of the petitioner's claims. *Day v. McDonough*, 547 U.S. 198, 205 (2006).

Due to the pending appeal before the Wisconsin Supreme Court, Yanko has not shown that he has exhausted in state court his remedies for the claims he now raises in his habeas petition. Upon completion of the appeal Yanko may raise the exhausted claims in a new habeas petition. The **recommended dismissal** of Yanko's petition is not a conclusion that his claims lack merit but only that his petition is premature.

Finally, the State of Wisconsin is not the appropriate respondent for this action. The "state" has sovereign immunity from suit in federal court. Under Rule 2(a) of the Rules Governing Section 2254 Cases, the "state officer" having custody of the petitioner

is the proper respondent. *Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005). Yanko states he is detained at the Wisconsin Resource Center. The official in charge of that facility is Byran Bartow. For future filings, Byran Bartow would be the proper respondent.

**IT IS RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) be **dismissed** without prejudice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 7th day of August, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge